# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ROBERT JONES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:15-cv-02120-LSC-SGC |
| LT. GILBERT, et al., | ) ) ) |
| Defendants. | ) |

# ORDER

The magistrate judge entered a report on April 3, 2017, recommending all claims in this action except the Fourteenth Amendment due process claim against defendants Gilbert and Thrasher for involuntarily medicating the plaintiff be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b) for failing to state a claim upon which relief can be granted. (Doc. 10). The magistrate judge further recommended the plaintiff's remaining claim be referred back to the magistrate judge for further proceedings. (*Id.* at 10).

Although the magistrate judge advised the plaintiff of his right to file specific written objections within fourteen (14) days, no formal objections have been received by the court. Instead, on April 10, 2017, the plaintiff filed an "amended complaint" on the court's standard § 1983 form, which the court

construes both as the plaintiff's objections and as a motion for leave to file a second amended complaint. (Doc. 11).

In his filing, the plaintiff alleges he told defendant Gilbert he did not want to take some medicine. (*Id.* at 3). Defendant Gilbert responded by telling the extraction team that the plaintiff did not want to "cuff up" when, in fact, the plaintiff was willing. (*Id.*). The officers then opened the plaintiff's cell door, and the plaintiff told defendant Gilbert he was going to "cuff up." (*Id.*). Defendant Gilbert ordered the plaintiff to get on the ground. (*Id.*). The plaintiff asserts he was in compliance because he was getting on the ground when the officers ran in and "roughed [him] up" anyway. (*Id.*).

There is no material distinction between these allegations and those in the first amended complaint examined by the magistrate judge, except the plaintiff now clarifies that he was complying with defendant Gilbert's order to get on the ground. (Doc. 9 at 3-5; Doc. 11 at 3). For this reason, the plaintiff's motion for leave to amend the complaint is **GRANTED**. However, to the extent the clarification is construed as an objection to the recommended dismissal of his Eighth Amendment excessive force claim, the objection is **OVERRULED**. Even if the plaintiff was attempting to comply with defendant Gilbert's order when the extraction team ran in and "roughed" him up, he does not describe what is meant by that term and does not allege he suffered any physical injury. As such, there is

no inference the extraction team's use of force was excessive under the circumstances.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, the objections thereto and the second amended complaint, the magistrate judge's report is **ADOPTED** and the recommendation is **ACCEPTED**. The court **ORDERS** that all claims in this action, except the Fourteenth Amendment Due Process claim against defendants Gilbert and Thrasher for involuntarily medicating the plaintiff, are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b). The court further **ORDERS** that the remaining claim is **REFERRED** to the magistrate judge for further proceedings.

**DONE** AND **ORDERED** ON MAY 17, 2017.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704