FILED
2018 Jun-08 AM 10:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ROBERT JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:15-cv-02120-LSC-SGC |
| | ) |
| LT. GILBERT and | ) |
| SGT. THRASHER, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

*Pro se* Plaintiff Robert Jones filed two amended complaints pursuant to 42 U.S.C. § 1983 for violations of his civil rights. (Doc. 9, 11). Plaintiff names Lieutenant Joel Gilbert and Sergeant Clifton Thrasher as defendants in the amended complaints. (*Id.*). Plaintiff seeks monetary damages and injunctive relief. On May 10, 2018, the magistrate judge to whom the amended complaints were referred entered a report pursuant to 28 U.S.C. § 636(b), recommending Defendants' special report, treated as a motion for summary judgment, be granted and the action dismissed. (Doc. 23). Plaintiff timely filed objections to the report and recommendation. (Doc. 24).

In his objections, Plaintiff expresses difficulty understanding the meaning of the words "undersigned," "movant," and "moving party," as well as the phrase "govern the resolution" as used in the report and recommendation. (*Id.* at 1). Plaintiff is advised that "undersigned" refers to the judge who signed the report and recommendation – in this case, United States Magistrate Judge Staci G. Cornelius. The "movant" or "moving party" refers to the party filing the motion for summary judgment. Here, the movants/moving parties are Lt. Gilbert and Sgt. Thrasher. The phrase "govern the resolution" informs the parties that Federal Rule of Civil Procedure 56 sets out a legal standard the court must apply when considering whether a motion for summary judgment should be granted or denied.

Keeping in mind Plaintiff's difficulty understanding the terminology in the report and recommendation, the court construes his objections liberally. Plaintiff argues Defendants' motion for summary judgment is due to be denied. (*Id.*). He agrees with the magistrate judge's recitation of the general elements of the due process standard applicable to inmates subjected to involuntary psychotropic medication. (*Id.* at 2-3). Plaintiff also admits he had an "inmate attack" and "command hallucinations," two bases of Dr. St. Phard's request for involuntary medication. (Doc. 24 at 1). Additionally, Plaintiff does not deny he started a fire and threatened others and contends he suffers from "continued manifestations," all as St. Phard reported in his request. (Doc. 15-8 at 16; Doc. 24 at 1).

Nevertheless, Plaintiff asks why "they do me like this?" and declares Nurse Click "repeatedly desired medications" and found "grounds to continue to involuntarily" administer him medication. (Doc. 24 at 2). Plaintiff focuses on the significant liberty interest he has in freedom from involuntary psychotropic medication. While he agrees the due process clause allows prison officials to involuntarily medicate him if he is a danger to himself or others, he argues officials should leave him alone, "lock [him] behind a door," and only give him the medication if he wants to come out of his cell. (*Id.*). Plaintiff claims that because he did not desire to leave his cell on October 18, 2015, Gilbert and Thrasher violated his right to due process by depriving him of his choice to refuse his medication. (Doc. 15-8 at 37; Doc. 24 at 2).

Plaintiff misunderstands the rights due him as a result of his liberty interest in remaining free from involuntary psychotropic medication. Plaintiff's liberty interest does not equate with a right to refuse medication as long as he remains locked in his cell when there is a constitutionally sound order to involuntarily administer the medication. Instead, his liberty interest affords him the right to: written notice of a mental health professional's request for involuntary medication; a hearing before a neutral committee who will decide whether to grant or deny the request; adequate notice of that hearing; present evidence at the hearing to the committee which shows involuntary medication is not necessary for safety reasons

3

and is not in his medical interest; challenge any evidence suggesting his involuntary medication is necessary for safety reasons and is in his medical interest. *See Washington v. Harper*, 494 U.S. 210, 221-22, 233-234 (1990).

The procedure utilized by the Alabama Department of Corrections exceeds the procedural protections *Washington* requires. That procedure also affords Plaintiff a staff advisor to assist him at the hearing, the right to a written copy of committee's decision, and the right to appeal the decision with a staff advisor's assistance. Plaintiff must use these procedures to challenge any request to involuntarily medicate him.

Additionally, regarding Lt. Gilbert and Sgt. Thrasher, Plaintiff incorrectly claims they forcibly medicated him. The mental health professionals involved in the request or decision to involuntarily medicate him are responsible for his forcible medication. As corrections officers, Defendants Gilbert and Thrasher did not participate in the request or decision to forcibly medicate Plaintiff, nor did they administer any medication to him on October 18, 2015. (Doc. 9 at 3). On that date, Nurse Click administered the medication pursuant to a constitutionally sound involuntary medication order (*i.e.*, an order achieved after the plaintiff was afforded due process) which became effective on June 4, 2015, and pursuant to Nurse Practitioner Coogan's order. (Doc. 15-1 at 2; Doc. 15-8 at 2, 20, 37).

In conclusion, having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the magistrate judge's report is **ADOPTED** and the recommendation is **ACCEPTED**. Accordingly, finding no genuine issue of material fact, Defendants' motion for summary judgment is **GRANTED**. (Doc. 15). A separate final order will be entered.

**DONE** AND **ORDERED** ON JUNE 8, 2018.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704